CHIESA SHAHINIAN & GIANTOMASI PC
Melissa A. Salimbene, Esq.
Melissa F. Wernick, Esq.
One Boland Drive
West Orange, NJ  07052
Telephone:  973.325.2092
Facsimile:  973.325.2292

TAYLOR ENGLISH DUMA LLP
Amanda G. Hyland, Esq.
(*pro hac vice* application forthcoming)
1600 Parkwood Circle, Suite 400
Atlanta, Georgia 30339
Telephone: 770.434.6868
Facsimile:  770.434.7376

*Attorneys for Plaintiff*
*Alien Visions E-Juice, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALIEN VISIONS E-JUICE, INC., <br><br>   Plaintiff, <br><br> vs. <br><br> GORILLA VAPES, LLC, <br><br>   Defendant. | Civil Action No. <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT AND RELATED RELIEF** <br><br> *Document Filed Electronically* |

Plaintiff, Alien Visions E-Juice, Inc. ("Plaintiff," or "Alien Visions"), by and through its undersigned counsel, for its complaint against Defendant, Gorilla Vapes, LLC ("Defendant" or "Gorilla Vapes), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement, unfair competition, and other relief arising under the trademark and service mark laws of the United States, specifically 15 U.S.C. 1051 *et seq.* ("Lanham Act") and the common laws of the State of New Jersey. Defendant's misappropriation of Plaintiff's mark in the same industry has caused, and will continue to

cause, substantial damage to Plaintiff's reputation as an industry leader offering unique and high-quality products to its substantial and loyal customer base.

## PARTIES

2. Plaintiff is a corporation, organized and existing under the laws of the State of California with a principal place of business at 1805 W. Ave. K, Suite 203G, Lancaster, California 93534, incorporated in the state of California.

3. Upon information and belief, Defendant is a Limited Liability Company, organized and existing under the laws of New Jersey, with a principal place of business at 305 Lacey Rd., Suite 2, Forked River, New Jersey 08731.

## JURISDICTION AND VENUE

4. This action arises under the trademark laws of the United States. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121(a).

5. This Court has supplemental jurisdiction over any claims herein arising under the laws of the State of New Jersey pursuant to 28 U.S.C. §§ 1338(b) and 1367 because the claims are so related to Plaintiff's federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

6. This Court has personal jurisdiction over the parties to this action because: (i) Alien Vision's claims arise in this judicial district; (ii) Defendant is located within this judicial district; and (iii) each party does substantial business within this judicial district.

7. Venue for this action is proper in the District under 28 U.S.C. § 1391(b), in that Defendant, as a New Jersey Limited Liability Company, resides in this judicial district, each party does substantial business within this judicial district, witnesses and evidence are located within this judicial district, and many of the acts complained of herein have taken place in this

judicial district, including, but not limited to, Defendant's substantial sales of goods under the infringing marks, both through e-commerce and its physical business presence.

## STATEMENT OF FACTS

### Alien Vision's Business and Trademark

8. Alien Visions is an industry leader as a manufacturer and distributor in the emerging market of electronic cigarette liquids ("e-juices").

9. In the late 2000's, Alien Visions endeavored to revitalize a stagnant and inconsistent e-juice market, recognizing consumers were routinely left dissatisfied by product names which did not correspond with the product flavor.

10. After months of research and development, Plaintiff launched its website in 2009.

11. Since that time, Plaintiff has utilized a variety of unique and arbitrary names to identify each of its distinct flavors.

12. One of its earliest and most popular flavors was sold beginning on or about October 10, 2010, under the trademark GORILLA JUICE.

13. The flavor profile for GORILLA JUICE is a blend of tobacco and bananas.

14. All of Plaintiff's e-juices, including GORILLA JUICE, are of the highest possible quality and freshness because Plaintiff only uses the best ingredients and makes each bottle to order for each customer.

15. GORILLA JUICE is sold throughout the country through Plaintiff's website and numerous distributors.

16. GORILLA JUICE is one of Plaintiff's top-selling and most popular products, with over 800 reviews on YouTube.

17. Alien Visions has filed a federal trademark application for GORILLA JUICE, currently pending under Serial No. 87/890,106.

18. Plaintiff's GORILLA JUICE pending registration is classified under IC 034: "Electronic cigarette liquid (e-liquid) comprised of vegetable glycerin."

**Defendant's Unauthorized Use and Infringement of Plaintiff's Trademark**

19. At least three years after Plaintiff began selling GORILLA JUICE, Defendant started selling e-juice and related products under the mark GORILLA VAPES.

20. At some point thereafter, Defendant began offering e-juices on its website under the mark "GORILLA JUICES."

21. On May 2, 2014, Defendant filed for federal trademark protection for the mark GORILLA VAPES in connection with "Electronic cigarettes" with a first use date of August 15, 2013.

22. That application matured into U.S. Reg. No. 4,628, 836 on October 28, 2014.

23. Defendant currently sells both tobacco and banana flavors under the GORILLA JUICE mark.

**Likelihood of Confusion**

24. Plaintiffs mark GORILLA JUICE and Defendant's use of the term GORILLA JUICE are identical in sight, sound, meaning, and commercial impression.

25. Plaintiff's mark GORILLA JUICE and Defendant's use of the phrase "GORILLA VAPES" both feature the arbitrary term "Gorilla" followed by a generic word, rendering them nearly identical in sight, sound, meaning, and commercial impression.

26. Defendant's website features prominently in search results for the term "Gorilla Juice," further exacerbating possible confusion. In fact, when searching for the phrase "Gorilla Juice" in Google, Defendant's website is the first search result.

27. The products offered by Plaintiff and Defendant are identical and are sold under identical channels of commerce to an identical customer base.

28. Defendant's federal trademark registration for the GORILLA VAPES was cited by the USPTO as a prior registration likely to cause confusion with Plaintiff's mark. Accordingly, Defendant's registration is now blocking Plaintiff's trademark applications.

## COUNT ONE

**(Lanham Act Unfair Competition and False Designation of Origin
(43(a) and 15 U.S.C. § 1125(a))**

29. Plaintiff repeats and reallages every allegation contained in Paragraphs 1-28 of the Complaint as though fully set forth herein.

30. Defendant's use of the terms "GORILLA VAPES" and "GORILLA JUICE" is identical to Plaintiff's GORILLA JUICE trademark in appearance, sound, connotation, and commercial impression.

31. The marks are similarly advertised and sold in similar channels of trade.

32. Plaintiff and Defendant use the marks at issue on identical goods.

33. Plaintiff has not consented to Defendant's use of the GORILLA JUICE mark. In fact, Plaintiff has notified Defendant of the infringement, but Defendant has not ceased use of the marks.

34. The marks "GORILLA VAPES" and "GORILLA JUICE" as used by Defendant cause confusion, mistake, and deception that its goods are affiliated, connected, or associated with Plaintiff, and that its goods originate with, are sponsored by, or are approved by Plaintiff.

35. Therefore, Defendant's use of the marks "GORILLA VAPES" and "GORILLA JUICE" constitutes unfair competition under the Lanham Act.

36. Plaintiff has been harmed and will continue to be harmed by Defendant's infringement of its common law trademark rights unless Defendant is enjoined from further use of the marks.

37. Defendant's aforesaid wrongful conduct has been willful, wanton and malicious and done with intent. Plaintiff is therefore entitled to an award of its reasonable attorney's fees and costs, and treble its actual damages, pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a). Plaintiff is also entitled to, among other things, the cost of corrective advertising.

## COUNT TWO

### (Cancellation of Federal Trademark Registration 15 U.S.C. § 1119)

38. Plaintiff incorporates by reference its allegations in Paragraphs 1 through 37 as though fully set forth herein.

39. Pursuant to 15 U.S.C. § 1119, in any action involving a registered mark the Court may, *inter alia*, determine the right to registration and order the cancelation of registrations with respect to the registrations of any party to the action.

40. To the extent that any conflict exists between Plaintiff's GORILLA JUICE mark, and Defendant's GORILLA VAPES mark, Plaintiff has priority over use of the term GORILLA JUICE in connection with e-cigarette products.

41. As a result of Plaintiff's priority of use and superior trademark rights, to the extent that any conflict exists between Plaintiff's GORILLA JUICE trademark, U.S. Reg. No. 4,628, 836 should be cancelled.

42. The order canceling U.S. Reg. No. 4,628, 836 should be certified by the Court to the Director of the U.S. Patent & Trademark Office in accordance with 15 U.S.C. § 1119.

## COUNT THREE

### (Common Law Trademark Infringement and Unfair Competition)

43. Plaintiff repeats and reallages every allegation contained in Paragraphs 1-42 of the Complaint as though fully set forth herein.

44. Defendant's use of the GORILLA VAPES and GORILLA JUICE marks constitutes infringement of Plaintiff's rights in its common law GORILLA JUICE mark and tends to falsely describe or represent that Defendant's services are provided by, or sponsored by, or approved by, or licensed by, or affiliated with or in some other way legitimately connected to Plaintiff and are of the same character, nature and quality as the goods and services of Plaintiff, thereby damaging Plaintiff and Plaintiff's reputation.

45. The acts of Defendant complained of hereinabove constitute acts of unfair competition against Plaintiff under the common law of the State of New Jersey, which acts have been committed knowingly and willfully and have injured Plaintiff in its trade and business.

46. By reason of the aforesaid acts, Defendant has caused damage to Plaintiff and to the goodwill associated with Plaintiff's mark.

## COUNT FOUR

### (Unfair Competition (N.J.S.A. 56:4-1))

47. Plaintiff repeats and reallages every allegation contained in Paragraphs 1-46 of the Complaint as though fully set forth herein.

48. Defendant's infringing and unauthorized use of the marks GORILLA VAPES and GORILLA JUICE falsely indicates that Defendant is connected with, sponsored, endorsed, authorized, approved by or affiliated with Plaintiff, which it is not.

49. Defendant's infringing and unauthorized use of the marks GORILLA VAPES and GORILLA JUICE is likely to cause confusion, mistake or deception as to the source or affiliation of Defendant's goods and services.

50. Defendant's infringing and unauthorized use of the marks GORILLA VAPES and GORILLA JUICE in connection with Defendant's goods and services allows Defendant to receive the benefit of Plaintiff's goodwill, which Plaintiff has established at great labor and expense.

51. The acts of Defendant complained of herein constitute unfair competition in violation of the New Jersey Unfair Competition Statute (N.J.S.A. § 56: 4-1) and the common law of the State of New Jersey.

52. The acts of Defendant complained of herein were committed willfully.

53. As a result of Defendant's actions, Defendant is being unjustly enriched and Plaintiff has been harmed in an amount to be determined at trial and will continue to be harmed and will suffer irreparable injury unless Defendant is enjoined from the foregoing actions.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment in its favor and against Defendant as follows:

1. An order canceling U.S. Reg. No. 4,628, 836 certified by the Court to the Director of the U.S. Patent & Trademark Office in accordance with 15 U.S.C. § 1119.

2. That Defendant and its officers, agents, servants, distributors, affiliates, employees, attorneys, agents and representatives and all those in privity or acting in concert with the Defendant, and each of them, be permanently enjoined and restrained from, directly or indirectly:

   a. Using the marks GORILLA VAPES and GORILLA JUICE or any other marks confusingly similar thereto, alone or in combination with other words, names, styles, titles, designs or marks in connection with the provision of their goods and services;

   b. Using in any other way any other marks or designations so similar to Plaintiff's aforesaid GORILLA JUICE as to be likely to cause confusion, mistake or deception;

   c. Falsely designating the origin, sponsorship, or affiliation of the Defendant's goods and services in any manner;

   d. Otherwise competing unfairly with Plaintiff in any manner; and

   e. Continuing to perform in any manner whatsoever any of the acts complained of in this complaint.

3. That Defendant be required to pay to Plaintiff compensatory damages for the injuries sustained by Plaintiff in consequence of the unlawful acts alleged herein and that such damages be trebled pursuant to 15 U.S.C. § 1117 because of the willful and unlawful acts as alleged herein.

4. Defendant be required to account for and pay over to Plaintiff all gains, profits and advantages derived by it from the unlawful activities alleged herein.

5. That Defendant be required to deliver for destruction all merchandise, stationary, signs, advertisements, promotional flyers, cards, brochures, menus, promotional materials and any other materials which bear one or more of the infringing logo marks (as depicted above) together with all plates, molds, matrices and other means and materials for making or reproducing the same.

6. That Defendant be required to pay to Plaintiff all of its litigation expenses, including but not limited to reasonable attorney's fees and the costs of this action.

7. That Plaintiff be awarded such other and further relief as the Court may deem just and proper, including nominal damages.

    CHIESA SHAHINIAN & GIANTOMASI PC

    By: */s/Melissa A. Salimbene*
        Melissa A. Salimbene, Esq.
        Melissa F. Wernick, Esq.
        One Boland Drive
        West Orange, NJ  07052
        Telephone:  973.530.2092
        Facsimile:   973.530.2292

    TAYLOR ENGLISH DUMA LLP
        Amanda G. Hyland, Esq.
        (*pro hac vice* application forthcoming)
        1600 Parkwood Circle, Suite 400
        Atlanta, Georgia 30339
        Telephone: 770.434.6868
        Facsimile:  770. 434.7376

## JURY DEMAND

Plaintiff demands trial by jury of all claims and defenses in this action so triable.

CHIESA SHAHINIAN & GIANTOMASI PC

By: /s/Melissa A. Salimbene
    Melissa A. Salimbene, Esq.
    Melissa F. Wernick, Esq.
    One Boland Drive
    West Orange, NJ  07052
    Telephone:  973.530.2092
    Facsimile:   973.530.2292

TAYLOR ENGLISH DUMA LLP
    Amanda G. Hyland, Esq.
    (*pro hac vice* application forthcoming)
    1600 Parkwood Circle, Suite 400
    Atlanta, Georgia 30339
    Telephone: 770.434.6868
    Facsimile:  770. 434.7376

## **LOCAL RULE 11.2 CERTIFICATION**

I certify that this matter is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding; no other action, arbitration or administrative proceeding is contemplated to my knowledge; and I know of no other parties who should be joined in this action at this time.

CHIESA SHAHINIAN & GIANTOMASI PC

By: */s/Melissa A. Salimbene*
    Melissa A. Salimbene, Esq.
    Melissa F. Wernick, Esq.
    One Boland Drive
    West Orange, NJ  07052
    Telephone:  973.530.2092
    Facsimile:   973.530.2292

TAYLOR ENGLISH DUMA LLP
    Amanda G. Hyland, Esq.
    (*pro hac vice* application forthcoming)
    1600 Parkwood Circle, Suite 400
    Atlanta, Georgia 30339
    Telephone: 770.434.6868
    Facsimile:  770. 434.7376